IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY COLLINS, *#02209-025*, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 11-CV-499-WDS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on petitioner Gregory Collins's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1) and a supplement of additional authority (Doc. 2). Petitioner previously filed a § 2255 motion in 1998. After initially dismissing that motion as time-barred, the Court, upon reconsideration, granted it in part. That action resulted in the issuance of an amended judgment. Petitioner characterizes this new motion as a "[f]irst § 2255 motion challenging the amended judgment of conviction and unamended portions of the underlying conviction and sentence based on the rule set out in the Magwood decision" (Doc. 1-1, p. 1). Specifically, he asserts that the Supreme Court decision *Magwood v. Patterson* allows him to file a new § 2255 motion without it being a "second or successive" motion because it is directed against the amended judgment, not the original. *See Magwood v. Patterson*, --- U.S. ----, 130 S.Ct. 2788 (2010).

### BACKGROUND

A jury found petitioner Gregory Collins guilty in 1992 of engaging in a continuing criminal enterprise by distributing and possessing with intent to distribute cocaine and co-

caine base in concert with at least five others in violation of 21 U.S.C. §§ 841(a)(1), 846, and 848 (Count 1); conspiring to distribute and to possess with intent to distribute cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2); employing a person under 18 to traffic in cocaine and cocaine base in violation of 21 U.S.C. § 861 (Count 12); and money laundering in violation of 18 U.S.C. § 1956 (a)(1)(B)(i) (Count 13). He was sentenced to life in prison for Counts 1, 2, and 12; and 20 years, to run concurrently, for Count 13. His convictions were affirmed on appeal. *See United States v. Smith*, 26 F.3d 739 (7th Cir. 1994); *United States v. Smith*, 107 F.3d 874 (7th Cir. 1997).

In 1998, petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1, Case No. 98-cv-156). The Court at first dismissed the motion as time-barred. But upon reconsideration, the Court granted it in part, vacating petitioner's conviction and sentence on Count 2 (Doc. 9, Case No. 98-cv-156). His convictions and life sentence on Counts 1 and 12, and the concurrent 20-year sentence on Count 13, remained unaffected. The motion was denied on all other grounds and dismissed with prejudice. The Court issued an amended judgment (Doc. 10, Case No. 91-cv-156; Doc. 520, Case No. 91-cr-30018). And petitioner has filed numerous motions since then in Case No. 98-cv-156.[1]

Petitioner filed the motion now before the Court on June 14, 2011 (Doc. 1). He relies on the Supreme Court decision *Magwood v. Patterson*, --- U.S. ----, 130 S. Ct. 2788 (2010), issued on June 24, 2010.

---

[1] He appealed from the amended judgment. That was dismissed. While that appeal was still pending, he filed a motion for reconsideration, which this Court denied (Doc. 17). The Seventh Circuit then denied petitioner's request for a certificate of appealability (Doc. 28). Nearly ten years later, petitioner filed a motion seeking relief from judgment and asking to reopen his § 2255 and Rule 33 motions (Doc. 30). He claimed that in the original § 2255 proceeding this Court had failed to consider the knowing use of perjured testimony during his trial. Yet that issue was in fact addressed (Doc. 31, pp. 4–5). It had also been addressed when the Court rejected petitioner's Rule 33 motion in his criminal case. *Id.* After thoroughly analyzing petitioner's grounds for relief, this Court determined petitioner's motion for relief from judgment to be a second or successive § 2255 motion and dismissed it for lack of jurisdiction (Doc. 31). Petitioner then filed a Rule 59(e) motion to alter or amend judgment (Doc. 36). He filed the same motion in his criminal case. The Court again determined these were second or successive § 2255 motions and dismissed them for lack of jurisdiction (Doc. 38).

Petitioner raises the following grounds for relief. (1) The jury was not properly instructed that they must unanimously agree to each of the predicate narcotics violations to find petitioner guilty of engaging in a continuing criminal enterprise under 21 U.S.C. § 848 (Count 1). (2) Petitioner alleges several lapses relating to his conviction for employing a person under 18 to traffic in cocaine and cocaine base in violation of 21 U.S.C. § 861 (Count 12). He says trial counsel failed to challenge the evidence and make other objections, and appellate counsel was ineffective for not filing a complete record on appeal. (3) Appellate counsel was ineffective for not filing a complete record in petitioner's appeal, which led to his conviction on Counts 1 and 12 being affirmed. (4) Appellate counsel was ineffective for not raising the issue of multiple instances of prosecutorial misconduct that affected petitioner's trial. The alleged misconduct included misrepresenting a witness's testimony and making improper remarks in the closing argument. In addition, petitioner alleges the prosecutor neglected to correct false testimony of important government witnesses. Petitioner adds that even if those individual instances of misconduct did not warrant a new trial, appellate counsel should have argued that their cumulative effect did.

## DISCUSSION

Although district courts have jurisdiction over a prisoner's first habeas motion, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals … ." 28 U.S.C. § 2255(h). Thus, generally district courts lack jurisdiction to hear a second or successive motion under § 2255. *Burton v. Stewart,* 549 U.S. 147, 157 (2007); *Curry v. United States,* 507 F.3d 603, 605 (7th Cir. 2007); *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001). The statute does not define "second or successive," however. "And counting from one to two in this context is not quite as elementary as it may seem … ." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011).

A prisoner gets one collateral attack on the merits—but he is entitled to another "to

3

the extent he attacks a different conviction or sentence." *Dahler*, 259 F.3d at 764. In other words, "[o]ne substantive chance *per judgment* is the norm under § 2255 ¶ 8 and § 2244(b)." *Id.* (citing *Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997)). So, when a prisoner is resentenced, "he has one chance to wage a collateral attack (without appellate approval) challenging any constitutional errors made in that resentencing proceeding." *Id.*; *accord Walker*, 133 F.3d at 455; *Lang v. United States,* 474 F.3d 348, 353 (6th Cir. 2007). Yet he cannot challenge the underlying conviction. *Walker*, 133 F.3d at 455; *see also Dahler*, 259 F.3d at 765 ("[A] collateral attack presenting an issue that predated and was unaffected by resentencing is a challenge to the original conviction and sentence.").

The above standard is undisturbed by *Magwood v. Patterson*, 130 S. Ct. 2788 (2010). In *Magwood*, the Supreme Court held that a habeas corpus petition filed against a new judgment after resentencing does not constitute a "second or successive" habeas corpus petition under 28 U.S.C. § 2244(b).[2] That decision was limited to situations where the habeas petition attacks new errors in a new ("intervening") judgment. *Magwood*, 130 S. Ct. at 2801. Thus, where a new judgment intervenes between the two habeas petitions, "an application challenging the resulting *new judgment* is not 'second or successive' at all." *Id.* at 2802 (emphasis added).

Here, petitioner has not sought certification by a panel of the court of appeals. He says it is not required because this is not a second or successive motion under § 2255. He calls this his first motion "subsequent to the amended judgment," and challenges "the amended judgment of conviction and unamended portions of the underlying conviction and sentence" (Doc. 1-1, p. 3).

Despite petitioner's contention that he brings this motion to challenge the amended judgment, every issue he raises is in fact a challenge to his underlying convictions on

---

[2] Although *Magwood* addressed the meaning of "second or successive" in § 2244(b), the language of § 2255 is virtually identical. *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012) (phrase "second or successive" has the same meaning in both § 2244 and § 2255); *see also United States v. McGaughy*, 670 F.3d 1149, 1159 n.7 (10th Cir. 2012).

Counts 1, 12, and 13, which were unchanged when Count 2 was vacated. His first three arguments, about jury instructions and ineffective assistance of trial and appellate counsel, are expressly aimed at Counts 1 and 12. His final arguments pertain to alleged prosecutorial misconduct at his trial. So he does not allege any new errors in the amended judgment. *See Magwood*, 130 S. Ct. at 2801; *see also Dahler*, 259 F.3d at 764. The Court therefore concludes that petitioner's motion is an attempt to take another bite of the § 2255 apple and must be viewed as second or successive within the meaning of § 2255. The Court does not have jurisdiction to consider the merits.

### CERTIFICATE OF APPEALABILITY

Should a petitioner appeal a district court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability from the district court or the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when the petitioner is appealing from the dismissal of an unauthorized second or successive motion. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, the applicant may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1).

For the reasons above, the Court **FINDS** that petitioner has not stated any grounds

5

for relief under § 2255. And the Court finds no basis for believing that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Thus, petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will **NOT** be issued.

## CONCLUSION

Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is a second or successive motion that the court of appeals has not granted him leave to file; accordingly, the Court **DISMISSES** it for lack of jurisdiction. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 23, 2012**

                                        **/s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**